13567

STATE v. LANEY

(167 S. E., 671)

*Messrs. Laney & Chapman, J. E. Leppard,* and *Jack Horton* for appellant.

*Mr. M. J. Hough, Solicitor,* for respondent.

January 30, 1933.

The opinion of the Court was delivered by Mr. Chief Justice Blease.

The appellant, who lived in the Town of Pageland, conducted a little country store about four miles away. Ascertaining that in his absence at night his store was being broken into and his goods stolen therefrom, for the purpose of protecting his property and wounding, but not killing, the thief or thieves, he set in his store a spring gun, commonly called a "trap gun," loaded with No. 5 or 6 shot.

On September 27, 1930, about 8 o'clock in the morning, Mr. Charles McElroy, a young man in the employ of the State Highway Department, with his companions, Messrs. C. L. Hall, Carl Pittman, and Frank Wyman, stopped by the appellant's store that McElroy might purchase some cigarettes. About the time of the arrival of McElroy and his party, the appellant drove up to the store to begin his day's work. The appellant was known to the young men. After greeting the appellant, McElroy inquired if he had cigarettes on hand, and was given an affirmative answer. The appellant unlocked the door of the store and went into the building, followed by McElroy. The latter struck the wire of the spring gun, which caused its discharge. The load entered McElroy's body, and caused his death within a few minutes.

The appellant was indicted and tried in the Court of General Sessions for Chesterfield County, his Honor, Judge Dennis, presiding, with the crime of murder. The jury convicted him of manslaughter, attaching a recommendation to the mercy of the Court. The presiding Judge imposed upon the appellant a sentence of three years. From the conviction and sentence, he has appealed to this Court.

At the request of appellant's counsel, the presiding Judge gave the following instructions to the jury:

"If the defendant in this case notified and warned the deceased that a trap-gun was set in his store and for the deceased to stand back and wait until the defendant had released the trap-gun, and if you find further that the deceased disobeyed the warning and injunction of the defendant and entered into the defendant's store and without the knowledge of the defendant came forward and sprang the trap-gun, and if you find further that it was impossible for the defendant to stop the deceased or to prevent the springing of the trap-gun, then I charge you that the defendant would not be guilty."

In the last exception (No. 6), the appellant submits that under the legal principles declared by the trial Judge the verdict was not responsive to the evidence and facts of the case, and for that reason the judgment below should be reversed. He contends that the uncontradicted evidence was to the effect that he warned the deceased not to come into the store at the time the deceased entered therein, but to wait until the appellant could release the spring gun.

Under the rule of this Court, the exception cannot properly be considered, since, in the trial, there was no motion for either a directed verdict in favor of the appellant or a motion for a new trial after his conviction.

Waiving the rule, however, we may say that the appellant is mistaken as to the evidence in the case. True, the appellant testified that before McElroy and he entered the store he told McElroy of the spring gun and warned him not to

.enter the store until he had fixed the gun so it would not discharge. But two of the young men in McElroy's party testified that they were close enough to have heard the alleged warning, if it had been given, but none was given. The third young man in the party testified he did not hear the warning, if it was given, but that he was not close enough to have heard it if the appellant spoke in an ordinary tone of voice.

The Court declined to charge the following request of the appellant: "That place of residence is a question of intent, and a person may dwell in two or more places at one time."

In his third exception, the appellant claims such refusal was reversible error. The reason given by the presiding Judge for his refusal was that there was no evidence to make the requested charge applicable. With this holding we must agree. While the appellant testified that he had on a few occasions slept in the store, he did not at any time contend that the building was his "dwelling," evidently the term appellant intended to use in the request, rather than that of "residence."

The trial Judge refused appellant's request to give the following instruction: "That breaking and entering a house with intent to commit a felony, or a crime of a lesser degree is a felony and that one may use so much force as is reasonably necessary to repel and prevent the commission of such crime, and if necessary take the life of the person engaged in such unlawful act, to prevent the commission of such a crime."

In the fourth exception, it is alleged that it was reversible error not to instruct the jury accordingly. We agree again with the Court in his holding that, under the evidence adduced in the trial, the requested instruction was not applicable.

There was also refusal on the part of the Court to instruct the jury as follows: "That the lawful occupant of a dwelling house has the legal right to

repel and prevent the breaking and entering of his house, to prevent the perpetration of a felony, and to use so much force as is reasonably necessary for the protection of his life to set a spring or trap-gun, and that if a person engaged in the perpetration of the felony is killed by such gun, the person setting the gun would not be guilty."

The fifth exception of the appellant complains of error in that regard. Under the case of *State v. Green,* 118 S. C., 279, 110 S. E., 145, 19 A. L. R., 1431, on the facts developed in the evidence in this case, there was no error on the part of the Judge in refusing to charge as requested. The presiding Judge charged the law applicable to the case at bar as declared by this Court in the *Green case.* In fact, he read at length from the decision in that case.

It may be well for us to call attention to the fact that in the trial of this case the trial Judge expressly instructed the jury that the Act of February 25, 1931 (37 St. at Large, page 78, now Section 1121 of the 1932 Code), making it unlawful to place a loaded trap gun, spring gun, or like device, was not applicable, for the reason that the homicide of young Mr. McElroy took place before the enactment of that legislation.

The first and second exceptions have reference to the introduction of a plat or diagram. The solicitor first offered the diagram on the evidence of a witness that it fairly represented the store of the appellant where the tragedy occurred and the surroundings. On examination of the diagram and the statement of the witness that there were several errors therein, the Court declined to admit the paper. Later, when the appellant was being cross-examined as a witness, the solicitor showed him the diagram, and he admitted that, with a few exceptions as to distances, the diagram fairly portrayed his store and certain locations thereabout. Then, on the solicitor's motion, the Court concluded that the diagram was admissible. Still later, however, the Judge announced, particularly addressing his remarks

to the solicitor, "The sketch that you offered in evidence and which I admitted has not been exhibited to the jury; and I am going to exclude it from the attention of the jury."

The appellant contends there was error in the matters relating to he diagram. The exceptions seem to be based upon the fact that the jury had seen the diagram, which was admitted to be incorrect; that harm had been done to the appellant thereby, and the final ruling of the Court had not corrected the prejudice to the appellant which had occurred. With these exceptions we cannot agree, for the record shows that the jury had not seen the paper. Even if the jury saw the paper, however, with the admission on the part of both the appellant and the witness for the State, on whose evidence the paper was first sought to be introduced, that it was not a correct representation of the locus, we cannot see how any harm came to the appellant.

All the exceptions are overruled, and the judgment of the Court below is affirmed.

MESSRS. JUSTICES STABLER and BONHAM and CIRCUIT JUDGE C. C. FEATHERSTONE ACTING ASSOCIATE JUSTICE, concur.